20-60008-TP-WPD INTRODUCERS

| PROB 22<br>(Rev. 04/17) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)*<br>4:14CR00136-007 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)*<br>20-60008-TP-WPD |

| NAME AND ADDRESS OF<br>PROBATIONER/SUPERVISED RELEASEE:<br><br>Benny Lee Doe, Jr. | DISTRICT<br><br>Eastern District of Texas | DIVISION<br><br>Sherman Division |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br><br>The Honorable Marcia A. Crone<br>U.S. District Judge | |
| | DATES OF PROBATION/SUPERVISED<br>RELEASE: | FROM<br><br>August 2, 2019 | TO<br><br>August 1, 2024 |

OFFENSE

Count 1: Conspiracy to Commit Bank Fraud – 18 U.S.C. § 1349 and
Count 21: Aggravated Identity Theft – 18 U.S.C. § 1028(A)

FILED BY_____D.C.

MAR 23 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**PART 1 – ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **"Eastern District of Texas"**

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction.

3/12/2020
_____
Date

_____
U.S. District Judge

**PART 2 – ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **SOUTHERN DISTRICT OF FLORIDA**

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

3/17/2020
_____
Effective Date

_____
United States District Judge

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § **AMENDED** |
| | § **JUDGMENT IN A CRIMINAL CASE** |
| v. | § |
| | § Case Number: **4:14-CR-00136-MAC-DDB(7)** |
| **BENNY LEE DOE, JR.** | § USM Number: **22780-078** |
| Date of Original Judgment: 1/14/2016 | § <u>**John Daniel Oliphant**</u> |
| | § <small>Defendant's Attorney</small> |

**Reason for Amendment:**
Reduction of Sentence for Changed Circumstances
(Fed.R.Crim.P.35(b))

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | **1 and 21 of the Indictment** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:1349.F Conspiracy To Commit Bank Fraud | 08/13/2014 | 1 |
| 18:1028A.F Aggravated Identity Theft | 10/25/2013 | 21 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) all remaining ☐ is ☒ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>**May 23, 2017**</u>
<small>Date of Imposition of Judgment</small>

*[signature]*
<small>Signature of Judge</small>

**MARCIA CRONE**
<u>**UNITED STATES DISTRICT JUDGE**</u>
<small>Name and Title of Judge</small>

<u>6/15/17</u>
<small>Date</small>

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 2 of 10

DEFENDANT:       BENNY LEE DOE, JR
CASE NUMBER:     4:14-CR-00136-MAC-DDB(7)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

67 MONTHS* - 43 months as to count 1 and 24 months as to count 21 of the Indictment, to be served consecutively.

☒     The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant receive appropriate drug treatment while imprisoned and that defendant be incarcerated in FCI, Marianna, FL, if available and defendant is eligible. While incarcerated, it is recommended that the defendant participate in the Inmate Financial Responsibility Program at a rate determined by the Bureau of Prisons staff in accordance with the requirements of the Inmate Financial Responsibility Program.

☒     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

      ☐   at                 ☐   a.m.     ☐   p.m.     on

      ☐   as notified by the United States Marshal.

☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☐   before 2 p.m. on
      ☐   as notified by the United States Marshal.
      ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

      Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case
Judgment -- Page 3 of 10

DEFENDANT:       BENNY LEE DOE, JR
CASE NUMBER:     4:14-CR-00136-MAC-DDB(7)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:   5 YEARS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1.  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.  the defendant shall support his or her dependents and meet other family responsibilities;
5.  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:      BENNY LEE DOE, JR
CASE NUMBER:   4:14-CR-00136-MAC-DDB(7)

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall provide probation officer with access to any requested financial information for purposes of monitoring fine/restitution payments and employment.**

**The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.**

**The defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.**

**The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing.**

**The defendant shall acquire a General Educational Development (GED) Certificate.**

DEFENDANT: BENNY LEE DOE, JR
CASE NUMBER: 4:14-CR-00136-MAC-DDB(7)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $200.00 | $.00 | $881,335.99 |

☐ The determination of restitution is deferred until after such determination.   An *Amended Judgment in a Criminal Case (AO245C)* will be entered

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $478,006.15 to:

American National Bank of Texas Attn: Susan Rowe
$30,020.02

BBVA Compass Bank
$4,659.00

Capitol One
$27,426.00

Citizens National Bank
$7,200.00

Citizens State Bank
$7,120.00

Credit Union of Texas
$2,800.00

Cypress Bank
$4,925.00

DATCU Credit Union
$4,800.00

EECU
$10,000.00

Extraco Banks
$3,985.00

First National Bank Midcities
$14,837.00

First State Bank
$1,960.00

Frost
$8,510.00

IBC
$37,734.00

DEFENDANT:  BENNY LEE DOE, JR
CASE NUMBER:  4:14-CR-00136-MAC-DDB(7)


J. P. Morgan Chase Bank
$97,589.19

Navy Army Credit Union
$1,896.00

Northern Trust
$24,630.00

Omni American Bank
$29,415.00

Partners Federal Credit Union
$985.00

Pinnacle Bank
$12,950.00

Premier Bank
$1,792.00

Qualtrust Credit Union
$10,752.00

RBFCU
$3,845.00

Regions Bank
$900.00

Shanna Cobbs
$2,588.00

State Farm Bank
$12,516.00

Texas Credit Union
$44,610.94

Texas Trust Credit Union
$1,875.00

Tolleson Private Bank
$13,748.00

USAA
$15,717.00

Viewpoint Bank/Legacy Texas Bank
$23,400.00

Wells Fargo Bank
$12,821.00

DEFENDANT: BENNY LEE DOE, JR
CASE NUMBER: 4:14-CR-00136-MAC-DDB(7)

Restitution of $2,182.80, jointly and severally with co-defendant Christina Lynn Gallo (4:14-cr-00136-9), Christopher Henry Cosby (4:14-cr-00136-2), Dianna Leigh Painton (4:14-cr-00136-3), Katherine Jones Reynolds (4:14-cr-00136-16), Mallori Lee Moss (4:14-cr-00136-6), Moses George Freelove (4:14-cr-00136-13) and Robert Aaron Green (4:14-cr-00136-1), to:

        Bank of America Attn: Cindy Hunt

Restitution of $5,801.20, jointly and severally with co-defendant Christina Lynn Gallo (4:14-cr-00136-9), Christopher Henry Cosby (4:14-cr-00136-2), Dianna Leigh Painton (4:14-cr-00136-3), Katherine Jones Reynolds (4:14-cr-00136-16), Mallori Lee Moss (4:14-cr-00136-6), Moses George Freelove (4:14-cr-00136-13), Robert Aaron Green (4:14-cr-00136-1) and Wendy Lee Wrenn (4:14-cr-00136-14), to:

        Bank of America Attn: Cindy Hunt

Restitution of $5,605.00, jointly and severally with co-defendant Christopher Henry Cosby (4:14-cr-00136-2), Dianna Leigh Painton (4:14-cr-00136-3) and Robert Aaron Green (4:14-cr-00136-1), to:

        Wells Fargo Bank

Restitution of $17,121.45, jointly and severally with co-defendant Christina Lynn Gallo (4:14-cr-00136-9), Christopher Henry Cosby (4:14-cr-00136-2), Katherine Jones Reynolds (4:14-cr-00136-16), Mallori Lee Moss (4:14-cr-00136-6) and Robert Aaron Green (4:14-cr-00136-1), to:

        Bank of America Attn: Cindy Hunt

Restitution of $1,700.00, jointly and severally with co-defendant Christina Lynn Gallo (4:14-cr-00136-9), Christopher Henry Cosby (4:14-cr-00136-2), David Lee Brown (4:14-cr-00136-10), Mallori Lee Moss (4:14-cr-00136-6), Robert Aaron Green (4:14-cr-00136-1) and Wendy Lee Wrenn (4:14-cr-00136-14), to:

        J. P. Morgan Chase Bank

Restitution of $6,029.05, jointly and severally with co-defendant Christina Lynn Gallo (4:14-cr-00136-9), Christopher Henry Cosby (4:14-cr-00136-2), Katherine Jones Reynolds (4:14-cr-00136-16), Mallori Lee Moss (4:14-cr-00136-6), Moses George Freelove (4:14-cr-00136-13) and Robert Aaron Green (4:14-cr-00136-1), to:

        Bank of America Attn: Cindy Hunt

Restitution of $5,801.20, jointly and severally with co-defendant Christina Lynn Gallo (4:14-cr-00136-9), Christopher Henry Cosby (4:14-cr-00136-2), Mallori Lee Moss (4:14-cr-00136-6) and Robert Aaron Green (4:14-cr-00136-1), to:

        Bank of America Attn: Cindy Hunt

Restitution of $27.00, jointly and severally with co-defendant Christina Lynn Gallo (4:14-cr-00136-9), Christopher Henry Cosby (4:14-cr-00136-2), David Lee Brown (4:14-cr-00136-10) and Robert Aaron Green (4:14-cr-00136-1), to:

        J. P. Morgan Chase Bank

Restitution of $145,157.27, jointly and severally with co-defendant Christina Lynn Gallo (4:14-cr-00136-9), Christopher Henry Cosby (4:14-cr-00136-2) and Robert Aaron Green (4:14-cr-00136-1), to:

        Bank of America Attn: Cindy Hunt
        $122,764.30

        Bank of Texas
        $6,400.00

        J. P. Morgan Chase Bank
        $15,992.97

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:      BENNY LEE DOE, JR
CASE NUMBER:    4:14-CR-00136-MAC-DDB(7)

Restitution of $42,664.34, jointly and severally with co-defendant Christopher Henry Cosby (4:14-cr-00136-2) and Robert Aaron Green (4:14-cr-00136-1), to:

      Bank of America Attn: Cindy Hunt
      $3,094.50

      J. P. Morgan Chase Bank
      $28,924.84

      Wells Fargo Bank
      $10,645.00

Restitution of $987.00, jointly and severally with co-defendant Christopher Henry Cosby (4:14-cr-00136-2) and Katherine Jones Reynolds (4:14-cr-00136-16), to:

      Viewpoint Bank/Legacy Texas Bank

Restitution of $17,850.00, jointly and severally with co-defendant Christina Lynn Gallo (4:14-cr-00136-9) and Christopher Henry Cosby (4:14-cr-00136-2), to:

      American National Bank of Texas Attn: Susan Rowe
      $7,500.00

      First State Bank
      $3,750.00

      Point Bank
      $6,600.00

Restitution of $144,832.47, jointly and severally with co-defendant Christopher Henry Cosby (4:14-cr-00136-2), to:

      American National Bank of Texas Attn: Susan Rowe
      $7,330.00

      Bank of America Attn: Cindy Hunt
      $78,600.50

      BBVA Compass Bank
      $38,600.00

      J. P. Morgan Chase Bank
      $14,858.97

      Viewpoint Bank/Legacy Texas Bank
      $1,793.00

      Wells Fargo Bank
      $3,650.00

Restitution of $1,225.35, jointly and severally with co-defendant Christian Dominque Scott (4:14-cr-00136-15), Katherine Jones Reynolds (4:14-cr-00136-16) and Mallori Lee Moss (4:14-cr-00136-6), to:

      CitiBank
      $397.35

      USAA

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                                    Judgment -- Page 9 of 10

DEFENDANT:           BENNY LEE DOE, JR
CASE NUMBER:         4:14-CR-00136-MAC-DDB(7)

    $828.00

Restitution of $759.03, jointly and severally with co-defendant Christian Dominque Scott (4:14-cr-00136-15), Katherine Jones
Reynolds (4:14-cr-00136-16), Mallori Lee Moss (4:14-cr-00136-6) and Wendy Lee Wrenn (4:14-cr-00136-14), to:

    CitiBank

Restitution of $223.06, jointly and severally with co-defendant Mallori Lee Moss (4:14-cr-00136-6) and Wendy Lee Wrenn (4:14-cr-
00136-14), to:

    Texas Credit Union

Restitution of $393.62, jointly and severally with co-defendant Mallori Lee Moss (4:14-cr-00136-6), to:

    CitiBank

Restitution of $4,970.00, jointly and severally with co-defendant David Lee Brown (4:14-cr-00136-10), to:

    Capitol One

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before
the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be
subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the   ☐ fine     ☒ Restitution
    ☐ the interest requirement for the         ☐ fine     ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 10 of 10

DEFENDANT:     BENNY LEE DOE, JR
CASE NUMBER:    4:14-CR-00136-MAC-DDB(7)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payments of $ 881,535.99 due immediately, balance due

    ☐ not later than                , or

    ☒ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

    **It is ordered that the Defendant shall pay to the United States a special assessment of $200.00 for Counts 1 and 21 which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court. Any restitution amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). If the defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) the defendant must, within 5 days of receipt, apply 100% of the value of such resources to any restitution or fine still owed.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: U.S. District Court. Fine & Restitution. 1910 E SE Loop 323 No 287. Tyler. TX 75701

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several
    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 1 3 2014

DAVID J. MALAND, CLERK
BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | NO. 4:14CR **136** |
| | § | Judge **Schell** |
| v. | § | |
| | § | |
| ROBERT AARON GREEN (1) | § | |
| a.k.a. "Lil Dave" | § | |
| CHRISTOPHER HENRY COSBY (2) | § | |
| a.k.a. "Lil Chris" | § | |
| DIANNA LEIGH PAINTON (3) | § | |
| SHELTON JERROD GREEN (4) | § | |
| a.k.a. "Shank" | § | |
| DEMETRIS JEROME | § | |
| CUNNINGHAM (5) | § | |
| a.k.a. "MeMe" | § | |
| MALLORI LEE MOSS (6) | § | |
| a.k.a. "Bunny" | § | |
| BENNY LEE DOE, JR. (7) | § | |
| a.k.a. "J, Jay, and JR" | § | |
| STEVEN TAURUS GREEN (8) | § | |
| a.k.a. "Spud" | § | |
| CHRISTINA LYNN GALLO (9) | § | |
| DAVID LEE BROWN (10) | § | |
| JOHNTHAVIAS KEON BROWN (11) | § | |
| a.k.a. "JT" | § | |
| KAMESHA NYCOLE BROWN (12) | § | |
| MOSES GEORGE FREELOVE (13) | § | |
| WENDY LEE WRENN (14) | § | |
| CHRISTIAN DOMINQUE SCOTT (15) | § | |
| KATHERINE JONES REYNOLDS (16) | § | |

## **INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C. § 1349
(Conspiracy to Commit Bank Fraud)

**A.**   **Introduction**

1.   Bank of America, JP Morgan Chase ("Chase") Bank, Viewpoint Bank, CitiBank, American National Bank of Texas, American Bank of Texas, Metropolitan National Bank, Wells Fargo Bank, BBVA Compass Bank, Northstar Bank, Liberty Bank, First State Bank, Regions Bank, Point Bank, Pegasus Bank, Capital One Bank, Bank of Texas, Commerce Bank, US Bank, First Fidelity Bank, USAA Federal Savings Bank, Bank of Commerce, Citizens National Bank, Community Trust Bank, SunTrust Bank, Landmark Bank, Kanza Bank, Arvest Bank, Sunflower Bank, Bank of the West, Intrust Bank, Emprise Bank, First Convenience Bank, First National Bank of Texas, Credit One Bank, Omni American Bank, and BancFirst were financial institutions insured by the Federal Deposit Insurance Corporation; and Equishare Credit Union, CFE Federal Credit Union, eCo Credit Union, Texans Credit Union, Navy Federal Credit Union, Oklahoma Central Credit Union, Chevron Federal Credit Union, Resource One Credit Union, Credit Union of Texas, Nascoga Federal Credit Union, Texas Trust Credit Union, Pentagon Federal Credit Union, and Your Community Credit Union were credit unions insured by the National Credit Union Share Insurance Fund (collectively "Financial Institutions").

2.   MD1, MD2, MM1, MM2, JA1, JA2, EM1, EM2, RM1, RM2, AA1, AA2, LA1, LA2, JG1, JG2, SK1, SK2, VS1, VS2, CW1, CW2, AH1, AH2, DM1, DM2, MR, CD, SF, ET, CB, LG, SM, KG, KT, SP, SA, AB/LB, MW, EA, DB, D/PP, MS, AL, RW, SV, JH, M/MEB, GS, BE, PT, JL, KS, KJ, BJ, BD, JD, AD, DL, DP, BW, KH, SI, JB, AS, JK, AT, BM, KNH, IH, MG,

D/DF, KO, LW, MH, AB, SC, TM, SS, LC, JP, and BP were individuals known to the Grand Jury;

each had their personal identifying information stolen, and in some instances their bank checks and

bank cards.   SD and DS were individuals known to the Grand Jury and had their vehicles

burglarized.   None of the individuals listed herein authorized the defendants or other members of

the conspiracy to take their personal identifying information, bank checks or bank cards.

**B.**     **The Conspiracy**

　　　　3.     Beginning in or about January 2012, and continuing through on or about August 13,

2014, in the Eastern District of Texas and elsewhere, **Robert Aaron Green ("Green"),**

**Christopher Henry Cosby ("Cosby"), Dianna Leigh Painton ("Painton"), Shelton Jerrod**

**Green ("Shelton Green"), Demetris Jerome Cunningham ("Cunningham"), Mallori Lee**

**Moss ("Moss"), Benny Lee Doe, Jr. ("Doe"), Steven Taurus Green ("Steven Green"),**

**Christina Lynn Gallo ("Gallo"), David Lee Brown ("David Brown"), Jonthavias Keon**

**Brown ("Johnthavias Brown"), Kamesha Nycole Brown ("Kamesha Brown"), Moses George**

**Freelove ("Freelove"), Wendy Lee Wrenn ("Wrenn"), Christian Dominque Scott ("Scott"),**

and **Katherine Jones Reynolds ("Reynolds"),** defendants, intentionally, knowingly and willfully

conspired, confederated, and agreed with each other and with other individuals both known and

unknown to the Grand Jury to devise a scheme and artifice to defraud and obtain money and

property from the Financial Institutions by means of materially false and fraudulent pretenses and

representations, a violation of 18 U.S.C. § 1344.

**C.**     **Manner and Means of the Conspiracy**

　　　　4.     In the Eastern District of Texas and elsewhere, **Green, Cosby, Cunningham, Doe,**

**Steven Green, David Brown, Johnthavias Brown,** and others known and unknown to the Grand

Jury stole bank checks, bank cards, and personal identification cards at locations such as daycare facilities, gyms, and public parks.   The thefts were typically from motor vehicles and were made via forcible entry.

5.      **Moss, Scott, Wrenn, Reynolds,** and others known and unknown to the Grand Jury, typically used victims' bank cards within minutes of the theft, often at gas stations, convenience stores, or retail stores.

6.      **Green, Cosby, Shelton Green, Doe, Cunningham, David Brown, Johnthavias Brown,** and others known and unknown to the Grand Jury, kept or turned over the victims' checks and drivers licenses to other members of the conspiracy.

7.      **Painton, Moss, Gallo, Reynolds,** and other members of the conspiracy, disguised as theft victims often through the use of wigs, visited financial institutions, typically via the drive-thru teller lanes, using rented vehicles.   Other members of the conspiracy, including **Green, Cosby, Cunningham, Doe,** and **Freelove** were usually hidden in the back seat of the rented vehicles and provided the co-conspirators, including **Painton, Moss, Gallo,** and **Reynolds,** with the stolen checks.   **Painton, Moss, Gallo, Reynolds,** and others known and unknown to the Grand Jury presented stolen checks, with the corresponding stolen drivers' licenses and bank cards, made payable from one victim to another.   Bank tellers cashed the checks and the payee victims' banks suffered the loss when the checks were returned from the maker victims' banks as stolen.

8.      Throughout the execution of the scheme, **Shelton Green** and other members of the conspiracy provided surveillance for the rental vehicles used to present the stolen checks to the financial institutions, typically in other rented vehicles.   The co-conspirators often used stolen

license plates to conceal the true license plates of the rental vehicles used in the scheme.  **Steven Green, Kamesha Brown, Reynolds**, and other members of the conspiracy rented the vehicles used in the scheme.

9.      On or about the following dates, as representative of the manner and means of the conspiracy, **Green, Cosby, Painton, Shelton Green, Cunningham, Moss, Doe, Steven Green, Gallo, David Brown, Johnthavias Brown, Kamesha Brown, Freelove, Wrenn, Scott, Reynolds,** and other co-conspirators known and unknown to the Grand Jury, took the following actions, among others, with respect to the following transactions on the following dates in the Eastern District of Texas and elsewhere:

a.      On or about March 30, 2012, an unknown co-conspirator broke into MD1's vehicle in Greenville, South Carolina, and stole MD1's bank cards, bank checks, and personal identifying information.

b.      On or about April 2, 2012, an unknown co-conspirator broke into MR's Vehicle in Little Rock, Arkansas, and stole MR's bank cards, bank checks, and personal identifying information.

c.      Between on or about April 2, 2012, and April 3, 2012, **Kamesha Brown** possessed MR's Metropolitan National Bank check number 6055 in the amount of $1,700 made payable to MD1 that was presented to and cashed at Bank of America in Oklahoma City, Oklahoma.

d.      On or about August 30, 2012, an unknown co-conspirator broke into CD's vehicle in Rockwall, Texas, and stole CD's bank cards, bank checks, and personal identifying information.

e.      On or about September 13, 2012, an unknown co-conspirator broke into SF's vehicle in Plano, Texas, in the Eastern District of Texas, and stole SF's bank cards, bank checks, and personal identifying information.

f.      On or about September 19, 2012, an unknown co-conspirator broke into MM1's vehicle and ET's vehicle, both in Plano, Texas, in the Eastern District of Texas, and stole MM1's and ET's bank cards, bank checks and personal identifying information.  **Kamesha Brown** had rented the vehicle used in the burglaries.

g.      On or about September 26, 2012, an unknown co-conspirator broke into CB's vehicle in Frisco, Texas, in the Eastern District of Texas, and stole CB's bank cards, bank checks, and personal identifying information.

h.      On or about August 14, 2012, an unknown co-conspirator broke into a vehicle in Terrell, Texas, and stole AB/LB's personal identifying information and bank checks.

i.      On or about October 2, 2012, an unknown co-conspirator broke into a LG's vehicle in Allen, Texas, in the Eastern District of Texas, and stole LG's bank cards, bank checks, and personal identifying information.

j.      On or about October 5, 2012, **Painton**, while wearing a disguise and with **Green** and **Cosby** lying down in the back seat so as to be out of sight of bank personnel, drove a rental vehicle into the drive-thru lane of four Bank of America banks – two in Dallas, Texas, one in Grand Prairie, Texas, and one in Arlington, Texas – and presented a check at each bank in the amount of $998 drawn from the account of LG and made payable to CB.

k.      On or about October 6, 2012, an unknown co-conspirator broke into DS's vehicle in Corsicana, Texas, and stole JA1's bank checks, bank cards, and personal identifying

information.

        l.      On or about October 6, 2012, an unknown co-conspirator broke into MM2's vehicle in Corsicana, Texas, and stole MM2's bank checks, bank cards, and personal identifying information.

        m.     On or about October 24, 2012, **Gallo** drove a rental vehicle into the drive-thru lane of an American National Bank in Rockwall, Texas, and presented check number 1105 in the amount of $1,500 drawn from the account of EM2 and made payable to CD.

        n.      On or about October 24, 2012, **Gallo** drove a rental vehicle into the drive-thru lane of an American National Bank in Rockwall, Texas, and presented check number 1174 in the amount of $1,500 drawn from the account of EM2 and made payable to CD.

        o.      On or about October 24, 2012, **Gallo** drove a rental vehicle into the drive-thru lane of an American National Bank in Rockwall, Texas, and presented check number 1175 in the amount of $1,500 drawn from the account of EM2 and made payable to CD.

        p.      On or about October 24, 2012, **Gallo** drove a rental vehicle into the drive-thru lane of an American National Bank in Rockwall, Texas, and presented check number 1176 in the amount of $1,500 drawn from the account of EM2 and made payable to CD.

        q.      On or about October 24, 2012, **Gallo** drove a rental vehicle into the drive-thru lane of an American National Bank in Forney, Texas, and presented check number 1177 in the amount of $1,500 drawn from the account of EM2 and made payable to CD.

        r.      On or about October 25, 2012, **Gallo,** with **Doe** lying down in the back seat so as to be out of sight of bank personnel, drove a rental vehicle into the drive-thru lane of an American National Bank of Texas in Sachse, Texas, and presented a check in the amount of $1,500

drawn from the account of JA1 and made payable to CD.   The rental vehicle had been rented by
**Steven Green**.

        s.        On or about November 14, 2012, **Doe** and **Steven Green** broke into EM1's,
SM's, KG's, KT's, and SP's vehicles in Forney, Texas, and stole their respective bank cards, bank
checks, and personal identifying information.

        t.        On or about December 10, 2012, an unknown co-conspirator broke into
SA's vehicle in Frisco, Texas, in the Eastern District of Texas, and stole SA's bank cards, bank
checks, and personal identifying information.

        u.        On or about December 19, 2012, **Gallo**, while wearing a disguise, drove a
rental vehicle into the drive-thru lane of a First State Bank in Mabank, Texas, and presented a
check in the amount of $1,250 drawn from the account of AB/LB and made payable to MM2.

        v.        On or about December 19, 2012, **Gallo**, while wearing a disguise, drove a
rental vehicle into the drive-thru lane of a First State Bank in Gun Barrel City, Texas, in the
Eastern District of Texas, and presented a check in the amount of $1,250 drawn from the account
of AB/LB and made payable to MM2.

        w.        On or about December 19, 2012, **Gallo**, while wearing a disguise, drove a
rental vehicle into the drive-thru lane of a First State Bank in Athens, Texas, in the Eastern District
of Texas, and presented a check in the amount of $1,250 drawn from the account of AB/LB and
made payable to MM2.

        x.        On or about December 19, 2012, **Gallo**, while wearing a disguise, drove a
rental vehicle into the drive-thru lane of a First State Bank in Malakoff, Texas, in the Eastern
District of Texas, and presented a check in the amount of $1,250 drawn from the account of

AB/LB and made payable to MM2.

      y.     On or about January 1, 2013, an unknown co-conspirator broke into RM1's vehicle in Coppell, Texas, and stole RM1's bank cards, bank checks, and personal identifying information.

      z.     On or about January 22, 2013, an unknown co-conspirator broke into MW's vehicle in McKinney, Texas, in the Eastern District of Texas, and stole MW's bank cards, bank checks, and personal identifying information.

      aa.     On or about January 24, 2013, an unknown co-conspirator broke into AA1's and LA1's vehicles in Southlake, Texas, and stole AA1's and LA1's bank cards, bank checks, and personal identifying information.

      bb.     On or about January 25, 2013, an unknown co-conspirator broke into EA's and RM2's vehicles in Southlake, Texas, and stole EA's and RM2's bank cards, bank checks, and personal identifying information.

      cc.     On or about January 29, 2013, an unknown co-conspirator broke into DB's vehicle in Dallas, Texas, and stole DB's bank cards, bank checks, and personal identifying information.

      dd.     On or about February 3, 2013, an unknown co-conspirator broke into D/PP's vehicle in Dallas, Texas, and stole D/PP's bank cards, bank checks, and personal identifying information.

      ee.     On or about February 5, 2013, **Moss**, with **Freelove** lying down in the back seat so as to be out of sight of bank personnel, drove a rental vehicle into the drive-thru lane of a Bank of America in Coppell, Texas, and presented a check in the amount of $1,989.00 drawn from

the account of D/PP and made payable to DB. **Freelove** also possessed a piece of paper that contained the names of prior burglary victims including EA, RM2, AA1, LA1, and MW.

ff.     On or about March 1, 2013, an unknown co-conspirator broke into MS's vehicle in McKinney, Texas, in the Eastern District of Texas, and stole MS's bank cards, bank checks, and personal identifying information.

gg.     On or about March 2, 2013, an unknown co-conspirator broke into LA2's vehicle in Arlington, Texas, and stole LA2's bank cards, bank checks, and personal identifying information.

hh.     On or about March 7, 2013, **Gallo**, while wearing a wig and with **Steven Green** lying down in the back seat so as to be out of sight of bank personnel, drove a rental vehicle into the drive-thru lane of a Bank of America in Cedar Hill, Texas, and presented a check in the amount of $980 drawn from the account of MS and made payable to RM1.

ii.     On or about March 16, 2013, an unknown co-conspirator broke into AL's place of business and stole AL's bank checks.

jj.     On or about March 20, 2013, an unknown co-conspirator broke into RW vehicle in Dallas, Texas, and stole RW's bank cards, bank checks, and personal identifying information.

kk.     On or about March 20, 2013, an unknown co-conspirator broke into SV's vehicle in Mesquite, Texas, and stole SV's bank cards, bank checks, and personal identifying information.

ll.     On or about March 20, 2013, an unknown co-conspirator broke into JH's vehicle in Mesquite, Texas, and stole JH's bank cards, bank checks, and personal identifying

information.

     mm.    On or about March 20, 2013, **David Brown** and **Johnthavias Brown** possessed LA2's, RW's, SV's, and JH's bank cards, checks and personal identifying information.

     nn.    On or about March 23, 2013, **Moss** drove into the drive-thru lane of an American Bank of Texas, in Sherman, Texas, in the Eastern District of Texas, and presented a check in the amount of $3,000 drawn from the account of AL and made payable to SA.

     oo.    On or about March 27, 2013, an unknown co-conspirator broke into M/MEB's vehicle in Dallas, Texas, and stole M/MEB's bank cards, bank checks, and personal identifying information.

     pp.    On or about March 27, 2013, **David Brown** possessed M/MEB's bank checks and bank cards.

     qq.    On or about April 12, 2013, an unknown co-conspirator broke into JG1's vehicle in Trophy Club, Texas, in the Eastern District of Texas, and stole JG1's personal identifying information, bank cards, and bank checks.

     rr.    On or about April 19, 2013, an unknown co-conspirator broke into DM1's vehicle, SK1's vehicle, GS's vehicle, BE's vehicle, and VS1's vehicle, all in Plano, Texas, in the Eastern District of Texas, and stole personal identifying information, bank checks and bank cards related to the DM1, SK1, GS, BE, and VS1.

     ss.    Between on or about May 1, 2013 and June 14, 2013, **Shelton Green** observed fraudulent transactions, as described in paragraphs 7 and 8 above, from a surveillance vehicle nearby financial institutions, including Wells Fargo Banks and Chase Banks. **Cunningham** participated in the fraudulent transactions that **Shelton Green** observed.

tt.     On or about May 3, 2013, an unknown co-conspirator broke into JA2's vehicle in Plano, Texas, in the Eastern District of Texas, and stole JA2's bank cards, bank checks, and personal identifying information.

uu.     On or about May 13, 2013, an unknown co-conspirator broke into PT's vehicle in Tyler, Texas, in the Eastern District of Texas, and stole PT's bank cards, bank checks, and personal identifying information.

vv.     On or about May 13, 2013, an unknown co-conspirator broke into JL's vehicle in Mansfield, Texas, and stole JL's bank cards, bank checks, and personal identifying information.

ww.     On or about May 14, 2013, an unknown co-conspirator broke into AA2's vehicle in Dallas, Texas, and stole AA2's bank cards, bank checks, and personal identifying information.

xx.     On or about May 14, 2013, an unknown co-conspirator broke into KS's vehicle in Flower Mound, Texas, in the Eastern District of Texas, and stole KS's credit union cards and personal identifying information.

yy.     On or about May 15, 2013, **Moss** drove into the drive-thru lane of a Viewpoint Bank in Allen, Texas, in the Eastern District of Texas, and presented check number 836 in the amount of $967 drawn from the account of JL and made payable to JA2.

zz.     On or about May 15, 2013, **Moss** drove into the drive-thru lane of a Viewpoint Bank in Garland, Texas, and presented check number 837 in the amount of $865 drawn from the account of JL and made payable to JA2.

aaa.     On or about May 15, 2013, **Moss** drove into the drive-thru lane of a

Viewpoint Bank in Coppell, Texas, and presented a check in the amount of $990 drawn from the account of AA2 and made payable to JA2.

bbb.    On or about May 16, 2013, an unknown co-conspirator broke into KJ's vehicle in Allen, Texas, in the Eastern District of Texas, and stole KJ's bank cards and KJ's and BJ's personal identifying information.

ccc.    On or about July 1, 2013, **Shelton Green** knowingly possessed the following items at 3922 Myrtle Street, Dallas, Texas ("Myrtle Street Safehouse"):  82 stolen credit cards, 16 stolen personal checks, 55 stolen drivers' licenses, 39 stolen social security cards, 6 stolen medicare cards, and 3 stolen United States passports belonging to a total of 98 different individuals.   JA2's driver's license and bank cards, KJ's and BJ's Social Security Cards, KS's driver's license and credit union card, JG1's driver's license, DM1's United States Passport, and SK1's driver's license were among the stolen items at the Myrtle Street Safehouse.   **Green** recruited **Shelton Green** and **Cunningham** to the conspiracy.   **Cunningham** brought the stolen credit cards, checks, and personal identifying information of the victims to the Myrtle Street Safehouse.   **Cunningham** also brought other co-conspirators, including **Steven Green**, to stay at the property when they were in the area.

ddd.    On or about July 7, 2013, an unknown co-conspirator broke into SD's vehicle in Plano, Texas, in the Eastern District of Texas, and stole BD's bank cards, bank checks, and personal identifying information.

eee.    On or about July 7, 2013, an unknown co-conspirator broke into JD's vehicle in Plano, Texas, in the Eastern District of Texas, and stole JD's bank cards, bank checks, and personal identifying information.

     fff.    On or about July 8, 2013, an unknown co-conspirator broke into AD's vehicle in Lewisville, Texas, in the Eastern District of Texas, and stole AD's bank cards, bank checks, and personal identifying information.

     ggg.    On or about July 8, 2013, an unknown co-conspirator broke into DL's vehicle in Grand Prairie, Texas, and stole DL's bank cards, bank checks, and personal identifying information.

     hhh.    On or about July 9, 2013, an unknown co-conspirator broke into DP's vehicle in Denton, Texas, in the Eastern District of Texas, and stole DP's, BW's and CW1's bank cards, bank checks, and personal identifying information.

     iii.    On or about July 9, 2013, an unknown co-conspirator broke into VS2's vehicle in Denton, Texas, in the Eastern District of Texas, and stole VS2's bank cards, bank checks, and personal identifying information.

     jjj.    On or about July 9, 2013, **Johnthavias Brown** possessed DP's, BW's, CW1's, SD's, AD's, DL's, and VS2's bank cards, bank checks and personal identifying information.

     kkk.    On or about July 19, 2013, an unknown co-conspirator broke into MD2's, KH's, SI's, and JB's vehicles, all in Plano, Texas, in the Eastern District of Texas, and stole MD2's, KH's, SI's, and JB's bank cards, bank checks and personal identifying information.

     lll.    On or about September 16, 2013, **Cunningham** possessed a bank check owned by SF and SF's personal identifying information.  **Cunningham** also, while driving a rental vehicle and in an attempt to conceal the true license plate of the vehicle, had a Texas license plate taped over the Florida license plate that was affixed to the rental vehicle.

mmm.   On or about September 27, 2013, an unknown co-conspirator broke into JG2's vehicle in Richardson, Texas, in the Eastern District of Texas, and stole JG2's bank cards, bank checks, and personal identifying information.

nnn.   On or about September 30, 2013, an unknown co-conspirator broke into AS's vehicle in Rockwall, Texas, and stole AS's bank cards, bank checks, and personal identifying information.

ooo.   On or about October 1, 2013, **Moss** and **Scott** used AS's bank card at a gas station in Dallas, Texas.

ppp.   On or about October 8, 2013, an unknown co-conspirator broke into AH1's vehicle in Dallas, Texas, and stole AH1's bank cards, bank checks, and personal identifying information.

qqq.   On or about October 14, 2013, an unknown co-conspirator broke into JK's vehicle in North Richland Hills, Texas, and stole JK's bank cards, bank checks, and personal identifying information.

rrr.   On or about October 16, 2013, **Reynolds** drove into the drive-thru lane of a Viewpoint Bank in Garland, Texas, and presented a check in the amount of $987 drawn from the account of JK and made payable to JG2.

sss.   On or about October 19, 2013, an unknown co-conspirator broke into AT's vehicle in Hurst, Texas, and stole AT's bank cards, bank checks, and personal identifying information.

ttt.   On or about October 21, 2013, **Reynolds** drove into the drive-thru lane of a Viewpoint Bank in Garland, Texas, and presented a check in the amount of $987 drawn from the

account of AT and made payable to AH1.

uuu.     On or about November 11, 2013, an unknown co-conspirator broke into JP's vehicle in the Miami, Florida area and stole JP's personal identifying information, bank cards, and bank checks.

vvv.     On or about November 16, 2013, **Steven Green** possessed a sheet of paper that contained practice signatures of PT, and PT's name, address and date of birth, and JP's bank checks.

www.   On or about November 16, 2013, an unknown co-conspirator broke into SK2's vehicle in Coppell, Texas, and stole SK2's bank cards, bank checks and personal identifying information.

xxx.     On or about November 16, 2013, **Moss, Scott** and **Reynolds** used SK2's bank card at various stores.

yyy.     On or about November 18, 2013, an unknown co-conspirator broke into BM's vehicle in McKinney, Texas, in the Eastern District of Texas, and stole BM's bank cards, bank checks and personal identifying information.

zzz.     On or about November 18, 2013, **Moss, Scott** and **Reynolds** used BM's bank card at a retail store in Fairview, Texas, in the Eastern District of Texas.

aaaa.   On or about December 10, 2013, **Cunningham** broke into KNH's vehicle in Rowlett, Texas, and stole KNH's bank cards, bank checks, and personal identifying information.

bbbb.   On or about December 10, 2013, **Cunningham** broke into IH's vehicle in Rowlett, Texas, and stole IH's bank cards, bank checks, and personal identifying information.

**Cunningham** also, while driving a rental vehicle, possessed a Texas license plate under the front passenger seat that had been reported stolen earlier that day.

cccc.   On or about December 17, 2013, **Kamesha Brown**, while driving a rental vehicle, possessed 51 stolen items, including 14 drivers' licenses, 1 Social Security Card, 10 bank checks, and 26 bank cards.   Among the stolen items **Kamesha Brown** possessed was MD2's Texas driver's license and bank card.

dddd.   On or about December 23, 2013, an unknown co-conspirator broke into CW2's vehicle in Richardson, Texas, and stole CW2's bank cards, bank checks, and personal identifying information.

eeee.   On or about December 23, 2013, **Wrenn** and **Moss** used CW2's bank card at a retail store in Richardson, Texas.

ffff.   On or about December 24, 2013, an unknown co-conspirator broke into MG's vehicle in Plano, Texas, in the Eastern District of Texas, and stole MG's bank cards, bank checks, and personal identifying information.

gggg.   On or about December 24, 2013, **Wrenn** and **Moss** used MG's bank card at various retail stores in Plano, Texas, in the Eastern District of Texas.

hhhh.   On or about December 29, 2013, an unknown co-conspirator broke into D/DF's vehicle in Plano, Texas, in the Eastern District of Texas, and stole D/DF's bank cards, bank checks, and personal identifying information.

iiii.   On or about December 24, 2013, **Wrenn** used D/DF's bank card at various gas stations in Plano, Texas, in the Eastern District of Texas.

In violation of 18 U.S.C. § 1349.

### Counts Two through Seventy-Six

Violation: 18 U.S.C. §§ 1028A and 2
(Aggravated Identity Theft)

On or about the following dates, in the Eastern District of Texas and elsewhere, the following defendants, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess, transfer, and use, without lawful authority, the following means of identification of another person's, during and in relation to a violation of 18 U.S.C. § 1349 (conspiracy to commit bank fraud), as alleged in Count One of this Indictment:

| Count | Defendant | Date | Name | Means of Identification |
|---|---|---|---|---|
| 2 | Green and Cosby | 3/22/12-3/27/12 | KO | Commerce Bank checks |
| 3 | Green, Cosby and Painton | 10/2/12-10/5/12 | LG | Viewpoint Bank checks |
| 4 | Green and Cosby | 4/3/12 | LW | First Fidelity Bank checks |
| 5 | Green and Cosby | 4/3/12 | AH2 | Oklahoma Central Credit Union checks |
| 6 | Green, Cosby and Painton | 9/26/12 – 10/5/12 | CB | Texas driver's license |
| 7 | Green, Cosby and Kamesha Brown | 9/19/12 | MM1 | Texas driver's license, bank cards, bank checks |
| 8 | Green, Cosby and Kamesha Brown | 9/19/12 | ET | Texas driver's license, bank cards, bank checks |
| 9 | Green | 3/22/12 | MH | United States bank checks |
| 10 | Green | 4/3/12-4/4/12 | AB | Bank of Commerce checks |
| 11 | Shelton Green and Cunningham | 7/1/13 | JA2 | Capital One Bank card |

| Count | Defendant | Date | Name | Means of Identification Possessed and Used |
|---|---|---|---|---|
| 12 | Shelton Green and Cunningham | 7/1/13 | DM1 | U.S. Passport |
| 13 | Shelton Green and Cunningham | 7/1/13 | SK1 | Texas driver's license |
| 14 | Shelton Green and Cunningham | 7/1/13 | JG1 | Texas driver's license |
| 15 | Shelton Green and Cunningham | 7/1/13 | KJ | Social Security Card |
| 16 | Shelton Green and Cunningham | 7/1/13 | BJ | Social Security Card |
| 17 | Shelton Green and Cunningham | 7/1/13 | KS | Texas driver's license, Your Community Credit Union card |
| 18 | Cunningham | 9/13/13-9/16/13 | SF | Texas driver's license, Social Security Card |
| 19 | Cunningham | 12/10/13 | KNH | Chase Bank checks, Capital One Bank card, Citizens National Bank card, Navy Federal Credit Union card, Chase Bank card |
| 20 | Cunningham | 12/10/13 | IH | Texas driver's license, Chase Bank checks and card, Wells Fargo checks and card |
| 21 | Doe and Gallo | 8/30/13-10/25/13 | CD | Texas driver's license, Social Security Card, American National Bank of Texas card |
| 22 | Doe and Gallo | 10/6/12-10/25/12 | JA1 | First State Bank checks |

GREEN, ET AL - INDICTMENT

| Count | Defendant | Date | Name | Means of Identification Possessed and Used |
|---|---|---|---|---|
| 23 | Doe and Steven Green | 11/14/12 | EM1 | Texas driver's license, Citizens National Bank card |
| 24 | Doe and Steven Green | 11/14/12 | SM | Texas identification card |
| 25 | Doe and Steven Green | 11/14/12 | KG | Texas driver's license, Social Security Card, American National Bank of Texas card |
| 26 | Doe and Steven Green | 11/14/12 | KT | Texas driver's license |
| 27 | Doe and Steven Green | 11/14/12 | SP | Texas driver's license, USAA Bank cards |
| 28 | Doe and Steven Green | 8/13/13 | SC | Texas driver's license, Chase Bank withdrawal slips, Chase Bank card |
| 29 | Doe and Steven Green | 8/13/13 | TM | USAA Federal Savings Bank check |
| 30 | Doe and Steven Green | 8/13/13 | SS | Texas driver's license, Chase Bank card |
| 31 | Doe and Steven Green | 8/13/13 | LC | Chevron Federal Credit Union Check |
| 32 | Doe and Steven Green | 8/1/13-8/13/13 | DM2 | Texas driver's license, Wells Fargo Bank card |
| 33 | Steven Green and Gallo | 1/1/13-3/7/13 | RM1 | Texas driver's license, Bank of America card |
| 34 | Steven Green and Gallo | 3/1/13-3/7/13 | MS | Chase Bank checks |
| 35 | Steven Green | 5/13/13-11/16/13 | PT | Name, date of birth |
| 36 | Steven Green | 11/11/13-11/16/13 | JP | SunTrust Bank checks |

| Count | Defendant | Date | Name | Means of Identification Possessed and Used |
|---|---|---|---|---|
| 37 | Gallo | 8/14/12-12/19/12 | AB/LB | Bank checks |
| 38 | Gallo | 10/5/12-10/24/12 | EM2 | Citibank checks |
| 39 | Gallo | 8/14/12-12/19/12 | MM2 | Texas driver's license |
| 40 | David Brown and Johnthavias Brown | 3/2/13-3/20/13 | LA2 | Bank of America checks |
| 41 | David Brown and Johnthavias Brown | 3/20/13 | RW | Bank of America checks, Texas driver's license, Social Security Card, Resource One Credit Union cards |
| 42 | David Brown and Johnthavias Brown | 3/20/13 | SV | Texas driver's license, Social Security Card |
| 43 | David Brown and Johnthavias Brown | 3/20/13 | JH | Texas driver's license, CitiCredit Union card, |
| 44 | David Brown | 3/27/13 | M/MEB | Chase Bank checks |
| 45 | Johnthavias Brown | 7/7/13-7/9/13 | BD | Brad Dean's name, Credit Union account numbers, address |
| 46 | Johnthavias Brown | 7/8/13-7/9/13 | AD | Capital One Bank checks |
| 47 | Johnthavias Brown | 7/8/13-7/9/13 | DL | Texas driver's license, Diedra Lee's Permanent Resident card, Chase Bank card, Bank of America card, Social Security Card |

| Count | Defendant | Date | Name | Means of Identification Possessed and Used |
|-------|-----------|------|------|---------------------------------------------|
| 48 | **Johnthavias Brown** | 7/9/13 | DP | Nascoga Federal Credit Union checks, Texas driver's license, Nascoga Federal Credit Union card |
| 49 | **Johnthavias Brown** | 7/9/13 | BP | Citi Bank card |
| 50 | **Johnthavias Brown** | 7/9/13 | BW | American Bank of Texas card |
| 51 | **Johnthavias Brown** | 7/9/13 | CW1 | Texas driver's license, Landmark Bank card, American Bank of Texas card, date of birth, Social Security Card |
| 52 | **Johnthavias Brown** | 7/9/13 | VS2 | Missouri driver's license, Wells Fargo Bank card, Chase Bank card, Social Security Card |
| 53 | **Kamesha Brown** | 4/2/13 – 4/3/13 | MR | Metropolitan National Bank checks |
| 54 | **Kamesha Brown** | 7/19/13-12/17/13 | MD2 | Texas driver's license, Bank of America card |
| 55 | **Kamesha Brown** | 4/3/12 | MD1 | Name, Bank of America account |
| 56 | **Freelove** | 1/22/13-2/5/13 | MW | Name |
| 57 | **Freelove** | 1/24/13-2/5/13 | AA1 | Name |
| 58 | **Freelove** | 1/24/13-2/5/13 | LA1 | Name |
| 59 | **Freelove** | 1/25/13-2/5/13 | EA | Name |
| 60 | **Freelove** | 1/25/13-2/5/13 | RM2 | Name |

| Count | Defendant | Date | Name | Means of Identification Possessed and Used |
|---|---|---|---|---|
| 61 | Moss and Freelove | 1/29/13–2/5/13 | DB | Texas driver's license, Bank of America card |
| 62 | Moss and Freelove | 2/3/13-2/5/13 | D/PP | Chase Bank check |
| 63 | Moss | 3/16/13-3/23/13 | AL | Bank of America checks |
| 64 | Moss | 5/3/13-5/15/13 | JA2 | Texas driver's license, Viewpoint Bank card |
| 65 | Moss | 5/14/13-5/15/13 | AA2 | Chase Bank checks |
| 66 | Moss | 12/10/12-3/23/13 | SA | Texas driver's license, American Bank of Texas card |
| 67 | Wrenn and Moss | 12/23/13 | CW2 | Bank card |
| 68 | Wrenn and Moss | 12/24/13 | MG | Bank cards |
| 69 | Wrenn | 12/29/13 | D/DF | Bank of America card, Chase Bank card |
| 70 | Scott and Moss | 10/1/13 | AS | First Convenience Bank card |
| 71 | Scott, Moss, and Reynolds | 11/16/13 | SK2 | CitiBank card, American Express card |
| 72 | Scott, Moss, and Reynolds | 11/18/13 | BM | Chase Bank card, Chase withdrawal slip |
| 73 | Reynolds | 9/27/13-10/16/13 | JG2 | Texas driver's license, Social Security Card |
| 74 | Reynolds | 10/8/13-10/21/13 | AH1 | Texas driver's license |
| 75 | Reynolds | 10/14/13-10/16/13 | JK | Texas Trust Credit Union checks |
| 76 | Reynolds | 10/19/13-10/21/13 | AT | Bank of America checks |

Each Count in violation of 18 U.S.C. §§ 1028A and 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

### Pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461

As the result of committing the offenses alleged in this Indictment, the defendants shall

forfeit to the United States pursuant to 18 U.S.C. § 981(a)(2)(A) and 28 U.S.C. § 2461 all property,

real or personal, that constitutes or is derived from proceeds traceable to the aforementioned

offense including but not limited to the following:

**Cash Proceeds**

Approximately $1,374,982.68 in United States currency and all interest and proceeds

traceable thereto, in that such sub in aggregate is property constituting, or derived from, proceeds

obtained directly or indirectly, as the result of the foregoing offenses, alleged in this Indictment.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or

omission of the defendants –

    (a)   cannot be located upon the exercise of due diligence;
    (b)   has been transferred or sold to, or deposited with a third person;
    (c)   has been placed beyond the jurisdiction of the court;
    (d)   has been substantially diminished in value; or
    (e)   has been commingled with other property which cannot be
             subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(a)(4), to seek forfeiture of any

other property of the defendants up to the value of the above forfeitable property, including but not

limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this Indictment, any and all interest

the defendants have in the above-described property is vested in and forfeited to the United States.


A TRUE BILL


_____

GRAND JURY FOREPERSON


JOHN M. BALES
UNITED STATES ATTORNEY


_____
CHRISTOPHER A. EASON
Assistant United States Attorney

**8-13-14**
_____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 4:14CR |
| v. | § | Judge |
| | § | |
| ROBERT AARON GREEN (1) | § | |
| a.k.a. "Lil Dave" | § | |
| CHRISTOPHER HENRY COSBY (2) | § | |
| a.k.a. "Lil Chris" | § | |
| DIANNA LEIGH PAINTON (3) | § | |
| SHELTON JERROD GREEN (4) | § | |
| a.k.a. "Shank" | § | |
| DEMETRIS JEROME | § | |
| CUNNINGHAM (5) | § | |
| a.k.a. "MeMe" | § | |
| MALLORI LEE MOSS (6) | § | |
| a.k.a. "Bunny" | § | |
| BENNY LEE DOE, JR. (7) | § | |
| a.k.a. "J, Jay, and JR" | § | |
| STEVEN TAURUS GREEN (8) | § | |
| a.k.a. "Spud" | § | |
| CHRISTINA LYNN GALLO (9) | § | |
| DAVID LEE BROWN (10) | § | |
| JOHNTHAVIAS KEON BROWN (11) | § | |
| a.k.a. "JT" | § | |
| KAMESHA NYCOLE BROWN (12) | § | |
| MOSES GEORGE FREELOVE (13) | § | |
| WENDY LEE WRENN (14) | § | |
| CHRISTIAN DOMINQUE SCOTT (15) | § | |
| KATHERINE JONES REYNOLDS (16) | § | |

## NOTICE OF PENALTY
### Count One

Violation:        18 U.S.C. § 1349
                  (Conspiracy to Commit Bank Fraud)

Penalty:          A fine of not more than $1,000,000, imprisonment
                  for not more than 30 years, and a Term of Supervised

Page 26 of 27
GREEN, ET AL – NOTICE OF PENALTY

Release for not more than 5 years.

Special
Assessment:          $100.00

## Counts Two through Seventy-Six

Violations:          18 U.S.C. § 1028A

Penalty:             For each count: two years imprisonment in addition to the punishment
                     provided by the predicate felony; a fine not to exceed $250,000, or not more
                     than the greater of twice the gross gain to the defendant or twice the gross
                     loss to one other than the defendant, or both; supervised release of not more
                     than one year.

Special
Assessment:          For each count:  $100.00